## KENT v. LEE and others.

The complainant was vested with the title to certain real estate, in trust for the benefit of himself and various other persons owning unequal and distinct, but undivided shares therein. He was to employ an agent or substitute to manage and sell the property, and he was not required to act himself further than to execute conveyances, and was to be liable only for gross misconduct or neglect.

On a bill filed to settle the accounts of the trustee, sell the property, reimburse his advances, and wind up the trust, all the other shareholders were made defendants, together with two persons who had successively been agents or substitutes of the trustee, and whose accounts had never been adjusted. These persons were also original shareholders, and the bill sought to have their accounts settled and closed.

A demurrer to the bill for multifariousness was overruled.

June 28; August 24, 1844.

THIS case came before the court on the demurrer of the defendant, Oliver Lee, to the bill of complaint for want of equity

and for multifariousness. The latter ground only is deemed of sufficient interest to be reported; and the residue of the case and the principal part of the opinion delivered, are therefore omitted. The complainant in 1835, was vested with the title in fee to certain lands in the village of Irving on the Cattaraugus Creek, and on the 17th day of August, 1836, executed certain articles of association, by which he acknowledged that he held the same in trust for himself and thirteen other individuals who also executed the articles. The lands were thereby made into a stock of two hundred shares, which were declared to be owned by the respective subscribers in various and unequal amounts. The lands were incumbered, and the subscribers were to pay the liens, if it became necessary. The principal object of the scheme however, was to improve the property and then to sell it in town lots, and in this mode to discharge the liens and reimburse the owners. By the articles it was declared that the trustee was to take the general care and management of the property and adopt such measures as he might deem best for the interest of the parties, with power to sell and convey the lands at his discretion as to times, terms and conditions; and he was authorized to appoint an attorney or substitute to do any of the acts which he could perform, except to execute conveyances. And it was also declared that he should be liable only for gross misconduct or neglect, it being understood that his distant residence would render it impossible for him to bestow his personal attention to the disposition and management of the property.

The complainant under this provision employed as agents or substitutes, first Lewis Eaton and then A. C. Stevens, both of whom were original shareholders. Some sales were made and the respective agents received payments and made disbursements, and the trustee advanced large sums beyond his proper share of the sums expended and paid on the incumbrances. Some of the stockholders paid, others neglected to pay.

The bill set forth these and various other matters, and sought to wind up the trust. It prayed to have the accounts of the trust (including those of the agents,) settled and closed, the rights and interests of the respective parties ascertained, the lands sold, the proceeds applied to discharge the liens and ad-

vances, and the residue if any, distributed to the stockholders entitled. And if the proceeds were deficient, then that the parties should contribute, as justice and equity might require.

The defendant Lee was made a party as the purchaser of some of the shares, and all persons interested in the 200 shares, together with Eaton and Stevens, were made defendants.

*S. E. Sill,* and the *Attorney General,* (George P. Barker, Esq.,) for the defendant Lee, in support of the demurrer.

*Geo. William Wright,* for the complainant.

THE ASSISTANT VICE-CHANCELLOR.—The charges in the bill relative to the defendants Eaton and Stevens, are said to be matters in which Lee and the other defendants have no interest or concern whatever.

Although Eaton and Stevens are called the complainant's agents, and required to account to him, it is only in the sense that they were agents of the *trustee* and of the estate, and bound to account to the trustee as such, for the benefit of all parties; not to the complainant as an individual, who is responsible to the others for their acts.

The articles state that it is impossible for the complainant to bestow his personal attention to the disposition or management of the property, and they therefore authorize him to employ an attorney or substitute, to do any act which he can do, except to execute conveyances; and they further provide that the trustee shall be liable only for gross misconduct or neglect.

There is no pretence of either of the latter having occurred. Messrs. Eaton and Stevens were successively attorneys or substitutes in the management of the property, and they received moneys belonging to the trust estate.

Now for whom did they act, and to whom must they account?

Unquestionably they acted for the whole of the stockholders, and they must account to the whole, or which is the same thing, to the trustee for them. The settlement of their accounts is a matter of as much interest to Lee as it is to the complainant, in proportion to the number of shares which have been assigned to

Lee. And this settlement is an indispensable part of the process in ascertaining the state of the trust, the application of the proceeds, the distribution of the surplus, or if there be none, the apportionment of the deficiency.

Again, both Eaton and Stevens are stockholders and necessary parties as such. If it should turn out that they are debtors to the trust in respect of their agencies, the court will be enabled in this suit to lay hold of their shares of the proceeds of the sales and retain them for the payment of such indebtedness. The defendant Lee would have had good cause to complain if the complainant had omitted to bring these agents of the estate to an account, in connection with the settlement of the trust; especially if thereby any loss to the fund were likely to ensue.

The demurrer must be overruled.